IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06 C 830 |
| ) | |
| SAM WHITE, Harvey Police ) | Suzanne B. Conlon, Judge |
| Commander, and the CITY OF HARVEY, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Brian Cooper sues Harvey Police Commander Sam White under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights to be free from false arrest (Count I) and for false imprisonment under Illinois law (Count II). Cooper also sues the City of Harvey for false imprisonment under a theory of *respondeat superior*. The parties cross-move for summary judgment on all liability issues. For the reasons set forth below, Cooper's summary judgment motion is granted, and defendants' cross-motion is denied.

## BACKGROUND

The following facts are undisputed unless otherwise noted. This case arises from a custody dispute between Cooper and his wife, Denischia Cooper ("Mrs. Cooper"). On November 26, 2005, Mrs. Cooper lodged a complaint against her husband with the Harvey Police Department. Pl. Facts at ¶¶ 6-7; Defs. Facts at ¶¶ 4-5. A police officer took an initial report of Mrs. Cooper's allegations that her husband had their two children, Yassin and Khari, and refused to tell her where they were or to return them to her. *Id.* On November 29, 2005, the Harvey Chief of Police assigned

Commander White to investigate her allegations. Defs. Facts at ¶ 6; Pl. Facts at ¶ 4. White has been employed by the Harvey Police Department for ten years. Pl. Facts at ¶ 3; Defs. Facts at ¶ 3. White reviewed the initial police report, but did not talk to the officer who took the report or to any other officers about Mrs. Cooper's allegations. Pl. Facts at ¶¶ 5, 9; Defs. Facts at ¶ 7. He contacted Mrs. Cooper and asked her to come to the police department. Pl. Facts at ¶ 11; Defs. Facts at ¶ 9. Once there, she told him she and Cooper were going through a divorce. Pl. Facts at ¶ 12; Defs. Facts at ¶ 11. She also told him Cooper picked up both children from school on November 21, 2005, returned Yassin on November 27, 2005, but refused to return Khari. Pl. Facts at ¶¶ 10-11; Defs. Facts at ¶ 9.

White telephoned Cooper, told him about his wife's complaint, and asked him to come to the police department to resolve the matter; Cooper agreed to do so. Defs. Facts at ¶ 12; Pl. Facts at ¶ 13. When he arrived, White escorted him into an office area. Defs. Facts at ¶ 14. White asked Cooper where his son Khari was; Cooper responded that he was with a babysitter. *Id.* at ¶ 15. According to White, Cooper's answer was vague. *Id.* White then showed Cooper a book he referred to as "Illinois Compiled Statutes" and read a statute to him providing that, if a parent conceals the location of a child from the other parent, it is considered child abduction. *Id.* at ¶ 16. Cooper did not understand what White read to him. Pl. Resp. Defs. Facts at ¶16. White told Cooper he would be arrested for child abduction if he did not produce his son at the police department. Defs. Facts at ¶ 17.

Cooper began to make telephone calls to locate his son and have him brought to the police department, but after 15 to 20 minutes he had not located his son. Defs. Facts at ¶ 19; Pl. Facts at ¶ 20. At that point, acting within the scope of his employment, White took Cooper into custody.

2

Defs. Facts at ¶¶ 20, 30; Pl. Facts at ¶¶ 21, 34. He was handcuffed and taken to the booking area of the police department. Defs. Facts at ¶ 22; Pl. Facts at ¶ 23. White told him he was arrested because he could not locate his son. *Id.* He permitted Cooper to use the telephone to continue trying to locate Khari. *Id.* at ¶ 23; Defs. Facts at ¶ 22.

White testified he decided to arrest Cooper based on the allegations in Mrs. Cooper's complaint and his failure to produce or give the location of his son. Defs. Facts at ¶ 21; Pl. Facts at ¶ 22. White also testified that child abduction was the only crime for which he was arrested. Pl. Facts at ¶ 24. White knew Cooper had allegedly concealed Khari for fewer than fifteen days. *Id.* at ¶ 29, Defs. Facts at ¶ 26. White also understood there was no custody agreement in place. Defs. Facts at ¶ 24; Pl. Facts at ¶ 26. When he contacted Cooper to request that he come to the police station, White did not tell him to bring his son. Pl. Additional Facts at ¶ 12. Once there, White did not ask Cooper to take him to Khari, or tell him that he was free to leave the police department. Pl. Facts at ¶ 22. Nor did White try to locate Khari himself, issue an "Amber Alert," or notify other law enforcement agencies about the alleged abduction. *Id.* at ¶¶ 32-33; Defs. Facts at ¶ 29.

Eventually Khari was brought to the police department, and White released Cooper from custody. Defs. Facts at ¶¶ 23, 25; Pl. Facts at ¶¶ 25, 27. White testified Cooper was in custody for less than an hour after his arrest, and police department records corroborate his testimony. Pl. Facts at ¶ 30; Defs. Facts at ¶ 27. White released Cooper because the situation changed from a child abduction to a custody dispute. Pl. Facts at ¶ 27; Defs. Facts at ¶ 25. He met with the Coopers and told them to seek a custody agreement to avoid future disputes. Pl. Facts at ¶ 26; Defs. Facts at ¶ 24.

3

## DISCUSSION

### I. Summary Judgment Standard

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A movant has the initial burden of demonstrating that it is entitled to summary judgment. *Cont'l Cas. Co.*, 427 F.3d at 1041. Once a movant has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Cont'l Cas. Co.*, 427 F.3d at 1041. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Probable Cause

Cooper argues White violated his Fourth Amendment right to be free from unreasonable seizure by arresting him without probable cause and holding him at the police department. White contends he had probable cause for the arrest and is protected by qualified immunity. The Fourth Amendment protects against unreasonable seizures. *Leaf v. Shelnutt*, 400 F.3d 1070, 1089 (7th Cir. 2005). However, warrantless arrests are lawful provided there was probable cause for the arrest. *U.S. v. Watson*, 423 U.S. 411, 417 (1976). Probable cause exists if a police officer reasonably believes, in light of the facts and circumstances within his knowledge at the time of arrest, the

4

suspect has committed or is committing an offense. *Thompson v. Wagner*, 319 F.3d 931, 934 (7th Cir. 2003). The determination of probable cause is a "practical, nontechnical" evaluation that accommodates the competing interests of effective law enforcement and the privacy and liberty of law abiding citizens. *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). Probable cause requires more than "bare suspicion," but an officer does not need evidence sufficient to support a conviction, nor even a showing that their belief is more likely true than false, to establish probable cause. *Id.* Police officers may make mistakes, but their mistakes must be reasonable. *BeVier v. Hucal*, 806 F.2d 123, 126 (7th Cir. 1986). The existence of probable cause is an absolute bar to a claim for false arrest or false imprisonment. *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991).

While probable cause is typically a jury issue, "a conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Sheik-Abdi*, 37 F.3d at 1246. This conclusion is not warranted here. White arrested Cooper pursuant to the Illinois child abduction statute. Pl. Facts at ¶ 24. The statute provides in pertinent part that a person commits child abduction when he or she:

> Being a parent of the child, and where the parents of such child are or have been married and there has been no court order of custody, **conceals the child for 15 days,** and fails to make reasonable attempts within the 15 day period to notify the other parent as to the specific whereabouts of the child, including a means by which to contact such child, or to arrange reasonable visitation or contact with the child[;] or

> Being a parent of the child, and where the parents of the child are or have been married and there has been no court order of custody, conceals, detains, or removes the child with physical force or threat of physical force[.]

720 ILCS 5/10-5(6) and (7) (emphasis supplied).

5

At the time of arrest, it is undisputed White knew Cooper was Khari's father, that he was married to Khari's mother and there was no order of custody in place. Defs. Facts at ¶¶ 5, 24; Pl. Facts at ¶¶ 6, 26. He knew that Mrs. Cooper alleged Cooper had not told her where Khari was or how to contact him. Pl. Facts at ¶ 6; Defs. Facts at ¶ 5. But he also knew Cooper had concealed Khari for only eight or nine days, fewer than the fifteen days required for a child abduction offense. Pl. Facts at ¶ 29, Defs. Facts at ¶ 26; 720 ILCS 5/10-5(6).

The statutory language is clear: to commit the crime of child abduction, a parent must conceal the child for fifteen days. 720 ILCS 5/10-5(6). The 15-day requirement is an element of the crime. *Id.* White was a ten-year veteran police officer. Pl. Facts at ¶ 3; Defs. Facts at ¶ 3. He read the statute to Cooper, so he was familiar with its terms. Defs. Facts at ¶ 16. Based on the facts and circumstances known to White at the time of arrest, a reasonable jury could not conclude that he reasonably believed a crime had been committed.

White acknowledges law enforcement officers are charged with knowledge of the law, but contends that police officers are not required to be "legal scholars." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982); *Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001). He asserts that his knowledge about the facts of the case is more important to a determination of probable cause than his understanding of the legal basis for the arrest. *Id.*; Defs. Mem. at 10. But he knew Cooper had not concealed Khari for fifteen days. Pl. Facts at ¶ 29, Defs. Facts at ¶ 26. The 15-day requirement is a key element of the crime. 720 ILCS 5/10-5(6). No sophisticated legal analysis is required to understand the child abduction statute. The information known to White at the time of arrest did not indicate Cooper had committed a crime because there was no evidence of a key element of the statute. *See BeVier*, 806 F.2d at 126 (police officers did not have probable cause to arrest parents

under Illinois child neglect statute without evidence neglect was knowing or wilful). A reasonable jury could not conclude that a reasonable police officer could mistake eight or nine days for fifteen days.

Probable cause does not require evidence as to each element of an offense sufficient to support a conviction. *Driebel v. City of Milwaukee*, 298 F.3d 622, 645 (7th Cir. 2002) (citing *Adams v. Williams*, 407 U.S. 143, 148-49 (1972)). However, at the time of the arrest White knew facts *negating* an element of the crime of child abduction: that Cooper had concealed Khari for fewer than fifteen days. Pl. Facts at ¶ 29, Defs. Facts at ¶ 26. A police officer may not close his eyes to facts that clarify the circumstances of an arrest. *BeVier*, 806 F.2d at 128.

White contends the showing of probable cause requires only the demonstration of a "probability or substantial chance of criminal activity, not an actual showing of such activity." *U.S. v. Levy*, 990 F.2d 971, 973 (7th Cir. 1993). He argues that based on the information he knew at the time of the arrest, there was a substantial chance of criminal activity. But Cooper was not committing nor was he about to commit a crime. *See id.* at 974 (police did not have probable cause to arrest a suspect whose conduct did not meet the definition of solicitation, and there was no probability he engaged in or was about to engage in a criminal act). Only if Cooper continued to conceal Khari for an additional six or seven days would he commit child abduction. White argues Cooper did not show any intent to stop concealing Khari. Def. Mem. at 10. However, it is undisputed Cooper voluntarily came to the police department to meet with White and he made efforts to have his son brought there at the time of his arrest. Defs. Facts at ¶¶ 12, 19; Pl. Facts at ¶¶ 13, 20. The facts, viewed in White's favor, do not support a reasonable inference Cooper intended to commit a crime.

7

White argues that even if he did not have probable cause to arrest Cooper for child abduction, he had probable cause to arrest him for a closely related charge. The Fourth Amendment is satisfied if there was probable cause to arrest a suspect for either the cited charge or a "closely related charge." *U.S. v. Reed*, 349 F.3d 457, 462-63 (7th Cir. 2003). The closely related charge must reasonably be based on the same facts giving rise to the arrest. *Id.* The justification for the arrest cannot be an "*ex post facto* extrapolation" of all crimes that might have been charged on the facts; it must be based on a rationale that would "recommend itself to a reasonable police officer acting in good faith." *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1988).

White asserts that he did not specify the subsection of the child abduction statute Cooper violated, and suggests section 10-5(b)(7) is applicable. Defs. Opp'n at 5. But § 5/10-5(b)(7) involves the use or threat of physical force. 720 ILCS 5/10-5(b)(7). White fails to set forth any facts indicating he knew Cooper used (or threatened) physical force in concealing Khari. White fails to present evidence to support a reasonable inference that he had probable cause to arrest Cooper under section 10-5(b)(7) or any other section of the child abduction statute.

White argues he had probable cause to arrest Cooper because Cooper acted evasively at the police station. He told White his son was with a babysitter, but then was unable to produce him. Defs. Facts at ¶ 15; Defs. Opp'n at 7. Relying on *Adams*, 407 U.S. at 145, White argues that a police officer who lacks the precise level of information to establish probable cause should not have to "simply shrug his shoulders and allow a crime to occur or a criminal to escape." Defs. Opp'n at 8. White's reliance on *Adams* is misplaced. There, the Court observed that an "intermediate response," such as a brief stop of a suspicious individual to obtain more information, may be the most

reasonable approach in light of the facts known to the officer at the time. *Id.* at 145-46. White did not choose an intermediate response; he arrested Cooper.

The parties do not dispute Cooper came to the police station voluntarily and at White's request made efforts to locate his son, who was brought to the police station within an hour of Cooper's arrest. Defs. Facts at ¶¶ 12, 19, 25, 27; Pl. Facts at ¶¶ 13, 20, 23, 25. Viewed in White's favor, the facts do not support a reasonable inference justifying the arrest because Cooper behaved evasively. White fails to raise a material issue of fact to support his argument he had probable cause to arrest Cooper.

## III. Qualified Immunity

Even in the absence of probable cause, qualified immunity provides "an additional layer of protection against civil liability." *Hughes*, 880 F.2d at 970. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. On summary judgment, the judge may appropriately determine whether the currently applicable law was clearly established at the time of the arrest. *Id.* If the law was clearly established, the defense of qualified immunity ordinarily fails, because "a reasonably competent public official should know the law governing his conduct." *Id.* at 818-19. An arresting officer is immune from liability if a reasonable officer could have believed, based on the information possessed by the arresting officer, the plaintiff's arrest and imprisonment were lawful under clearly established law. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Even police officers who reasonably but mistakenly believe probable cause is present are entitled to qualified immunity. *Id.* To determine if an officer's conduct violates clearly established law, the court

9

considers two questions: (1) "whether the law was clear in relation to the specific facts confronting the public official when he or she acted;" and (2) whether "reasonably competent officials would agree on the application of the clearly established right to a given set of facts." *Biddle v. Martin*, 992 F.2d 673, 675 (7th Cir. 1993) (quoting *Apostol v. Landau*, 957 F.2d 339, 341 (7th Cir. 1992)).

The Fourth Amendment right to be free from arrest and imprisonment without probable cause has been well established since at least 1991. *See, e.g., Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (noting this right was clearly established by 1991); *see also Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) (the constitutional right to be free from arrest without probable cause was clearly established in 1993); *Beck*, 379 U.S. at 91 (decided in 1964, holding that the constitutional validity of an arrest depends on whether, at the time, the officer had probable cause for the arrest). White contends he had probable cause to arrest Cooper. White had probable cause if he reasonably believed that, in light of the facts and circumstances within his knowledge at the time of arrest, Cooper had committed or was committing an offense. *Thompson*, 319 F.3d at 934. He is entitled to qualified immunity even if his reasonable belief is later found to be mistaken. *Hunter*, 502 U.S. at 227. White argues at the time of arrest he reasonably believed Cooper had violated the Illinois child abduction statute. The statute prohibits one parent from concealing a child from the other parent for fifteen days in the absence of a custody order. 720 ILCS 5/10-5(b)(6). White was familiar with the statute; he read it to Cooper before arresting him. Defs. Facts at ¶ 16. At the time of arrest, White knew Cooper was Khari's father, there was no custody agreement in place between Cooper and Khari's mother, and Cooper had concealed Khari from his mother for eight or nine days. *Id.* at ¶¶ 5, 24, 26. It is undisputed White knew Cooper had concealed Khari for fewer than the fifteen days required by the child abduction statute. Pl. Additional Facts at ¶ 23. Considering these facts

10

in the light most favorable to White, White could not have reasonably believed he had probable cause to arrest Cooper based on the clear statutory language and the facts within his knowledge at the time of arrest.

As to the second question, the court examines the undisputed facts to objectively evaluate the legal reasonableness of White's actions. *Biddle*, 992 F.2d at 675. White is entitled to immunity only if a reasonable officer could have believed probable cause existed to arrest Cooper. *Hunter*, 502 U.S. at 228. White knew Cooper had concealed his son for fewer than the fifteen days required by § 5/10-5(b)(6). Pl. Additional Facts at ¶ 23. He fails to set forth facts indicating at the time of arrest he knew Cooper used or threatened physical force as required by 5/10-5(b)(7), or that the facts known to him supported the existence of probable cause to arrest Cooper for any other closely related offenses. Cooper came to the police station voluntarily, and was attempting to comply with White's directive to produce his son at the time of his arrest. Defs. Facts at ¶¶ 12, 19; Pl. Facts at ¶¶ 13, 20. Prior to the arrest, White read the child abduction statute aloud to Cooper. Defs. Facts at ¶ 16. Reasonable officers could not agree that on the basis of the facts known to White at the time, there was probable cause to arrest Cooper for child abduction. *See United States v. McDonald*, 453 F.3d 958, 961 (7th Cir. 2006) ( "[a]n officer cannot have a reasonable belief that a violation of the law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law"). As a matter of law, the court cannot conclude that a reasonably competent officer could have believed Cooper's arrest to be lawful, in light of clearly established law and the facts known to White at the time. Accordingly, he is not entitled to qualified immunity.

## IV. False Arrest

Cooper argues he is entitled to summary judgment on his false arrest claim because White violated his Fourth Amendment rights when he arrested him for child abduction without probable cause. Defendants argue they are entitled to summary judgment, contending Cooper's claim of false arrest is barred by law because White had probable cause to arrest Cooper. Title 42 U.S.C. § 1983 imposes personal liability when an individual, acting under color of law, deprives another individual of his constitutional rights, privileges or immunities. 42 U.S.C. § 1983; *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 866 (7th Cir. 2004). An officer's action is taken under color of state law when it is made possible by the officer's apparent authority and is in some way related to the performance of his duties. *Hughes*, 880 F.2d at 971-72. The existence of probable cause is an absolute bar to a § 1983 false arrest claim. *Fernandez*, 937 F.2d at 370.

Cooper argues White deprived him of his constitutional right to be free from arrest without probable cause. *Beck*, 379 U.S. at 91. It is undisputed that White arrested Cooper without a warrant. Based on the undisputed facts known to White at the time of arrest, Cooper contends White did not have probable cause to arrest him because he knew Cooper had not concealed Khari for fifteen days as required by the child abduction statute. Cooper argues White acted under color of law because he investigated and arrested him based on his authority as a police officer. White does not dispute that he acted under color of law when he arrested Cooper, but he argues Cooper's claim is barred as a matter of law because he had probable cause for the arrest.

The material facts are not in dispute. However the parties disagree as to whether the undisputed facts establish that White had probable cause to arrest Cooper. Cooper has met his burden of showing that White could not have reasonably believed he had probable cause to arrest

12

Cooper for child abduction. Defendants fail to set forth specific facts showing there is a genuine issue for trial regarding probable cause. Accordingly, Cooper is entitled to summary judgment on his false arrest claim.

## V. False Imprisonment

Cooper argues he is entitled to summary judgment on his claim of false imprisonment under Illinois law because the undisputed facts show that White arrested him without reasonable grounds to believe he had committed an offense and briefly subjected Cooper to custody. *Miller v. Lewis*, 381 F. Supp. 2d 773, 789 (N.D. Ill. 2005) (Filip, J.) (citing *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1220 (2003), stating the elements of a false imprisonment claim under Illinois law and holding that defendants had reasonable grounds to arrest plaintiff for theft and briefly detain him when he refused to return five hundred dollars upon defendants' request and then turned and walked away, appearing to leave the premises). Defendants argue Cooper's false imprisonment claim is barred by law because White had probable cause to arrest him for child abduction. For the reasons stated above, defendants' argument is unpersuasive. Under Illinois law, reasonable grounds are evaluated using the same standard as probable cause, which requires sufficient evidence to justify a reasonable belief that a suspect is committing or has committed a crime. *Id.*

### A. White

It is undisputed White arrested Cooper without a warrant. Defs. Facts at ¶¶ 20, 30; Pl. Facts at ¶¶ 21, 34. Based on White's undisputed knowledge at the time of the arrest, Cooper contends he did not have reasonable grounds to do so. White knew Cooper had not concealed Khari for fifteen days, as required by the child abduction statute. Pl. Additional Facts at ¶ 23. White argues his reliance on Mrs. Cooper's allegations and on information from his subsequent interview with Cooper

13

reasonably gave rise to a determination he had probable cause to arrest Cooper. However, viewed in White's favor, the facts could not lead a person of ordinary caution and prudence to believe Cooper had committed a crime. Defendants fail to set forth facts showing there is a genuine issue for trial regarding whether White had reasonable grounds to arrest Cooper. Accordingly, summary judgment must be granted in favor of Cooper.

### B. City of Harvey

Cooper contends the City of Harvey is liable for false imprisonment under a theory of *respondeat superior*. An employer may be liable for the torts of its employees within the scope of their employment. *Deloney v. Board of Educ. of Thornton Tp.*, 281 Ill. App. 3d 775, 798 (Ill. App. 1996). It is undisputed White arrested and held Cooper while acting within the scope of his employment. Defs. Facts at ¶ 30; Pl. Facts at ¶ 34. Defendants argue the City of Harvey is not liable because White had probable cause to arrest Cooper. However, as discussed above, defendants fail to set forth facts showing there is a genuine factual issue for trial regarding probable cause. Accordingly, summary judgment against the City of Harvey must be granted.

## CONCLUSION

Cooper's motion for summary judgment is granted, and defendants' cross-motion is denied. White did not have probable cause to arrest Cooper for child abduction. White is not protected from liability under § 1983 for false arrest or under Illinois law for false imprisonment by qualified immunity. The City of Harvey is liable for Cooper's false imprisonment under a theory of *respondeat superior*. A trial is necessary to determine damages.

ENTER:

Suzanne B. Conlon
United States District Judge

October 12, 2006