UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN COOPER, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 C 830 |
| ) | |
| v. ) | District Judge Suzanne B. Conlon |
| ) | Magistrate Judge Geraldine Soat Brown |
| SAM WHITE, Harvey Police Commander, ) | |
| and the CITY OF HARVEY, Illinois ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Following a jury verdict and judgment entered in favor of Plaintiff Brian Cooper ("Cooper") [dkt 69, 71], Cooper submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, requesting a total of $948.65. The bill of costs was referred to this court for decision. [Dkt 74.] Defendants City of Harvey and Sam White (collectively, "Defendants") have not filed objections. For the reasons set forth herein, Cooper is awarded costs in the amount of $616.70.

The costs that may be recovered pursuant to Fed. R. Civ. P. 54(d)(1) are set out in 28 U.S.C. § 1920.[1] "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed

---

[1] Cooper prevailed on the merits of his false arrest claim under 42 U.S.C. § 1983. (October 12, 2006 Order at 15 (granting summary judgment on liability in favor of Cooper).) [Dkt 56.] Cooper may be entitled to attorneys' fees under 42 U.S.C. § 1988. An award of attorneys' fees under that section can include reimbursement for some expenses that are not recoverable under § 1920. *See Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir.1984) (citing *Henry v. Webermeier*, 738 F.2d 188, 191-92 (7th Cir.1984)). However, this opinion and

on the losing party is recoverable [under § 1920] and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The costs allowed under 28 U.S.C. § 1920 are: (1) the fees of the clerk and marshal; (2) fees of court reporters for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. *See Young v. City of Chicago*, No. 00 C 4478, 2002 WL 31118328 at *1 (N.D. Ill. Sept. 24, 2002) (Leinenweber, J.). A court must review a proposed petition for costs "in scrupulous detail." *Id.*

Cooper is entitled to $250 for fees of the clerk. 28 U.S.C. § 1920(1); *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993).

Cooper seeks $45 for the attendance fee for witness Andrew Joshua of the Harvey Police Department. (Bill of Costs at 2.) 28 U.S.C. § 1920(3) allows recovery of costs for witness fees that are specified in 28 U.S.C. § 1821. Section 1821(2)(b) allows an attendance fee of $40 per day for each day's attendance at trial or deposition. Cooper's claim for witness fees is therefore reduced to $40.

Cooper seeks $237.75 for "exemplification and copies of papers necessarily obtained for use in the case." (Bill of Costs at 1.) Costs for photocopying and exemplification are authorized by 28 U.S.C. § 1920(4). To recover photocopying costs, Cooper is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, Cooper must still "provide the best breakdown obtainable from retained records," *id.*, such as "a chart identifying the nature of each document copied, the number

---

order deals only with Cooper's bill of costs pursuant to § 1920.

of copies of each document prepared, the number of pages in each document, the copying cost per page, and the total copying cost." *Tony Jones Apparel, Inc. v. Indigo USA LLC*, No. 03 C 0280, 2005 WL 3115234 at *4 (N.D. Ill. Nov. 16, 2005) (Brown, M.J.) (citation omitted).

Exemplification can include "a wide variety of exhibits and demonstrative aids." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). To determine whether exemplification was necessarily obtained for use in the case, the court considers, among others things, "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed." *Id.* at 428. The court is only able to make that determination when the prevailing party identifies the exhibits and demonstratives used and enumerates the associated costs. *See Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882 at *8 (N.D. Ill. Aug. 12, 2004) (Leinenweber, J.).

In this case, Cooper does not identify the documents copied, the number of copies made, or the cost per page, nor does Cooper identify any exhibits or demonstrative used. Cooper also does not attach any receipts supporting his claim for those costs. It is therefore not possible to conclude that the copies or exemplification were necessarily obtained for use in the case. Cooper's request for photocopying and exemplification costs is accordingly denied. *See Vigortone*, 2004 WL 1899882 at **8-9 (Leinenweber, J.) (denying photocopying costs where prevailing party failed to address "the nature of the documents copied, what documents were copied, whether multiple copies were made of the same documents," and denying exemplification costs where prevailing party failed to "identify the exhibits or types of exhibits used or the work performed in creating them and ma[de] no attempt to enumerate costs [of the exhibits]").

Finally, Cooper seeks $415.90 for deposition transcript costs. Specifically, Cooper seeks

$326.70 for the deposition transcript of defendant Samuel White, and $89.20 for the deposition transcript of witness Andrew Joshua. (Bill of Costs at 1, 3.) The cost of deposition transcripts is recoverable under 28 U.S.C. § 1920(2). *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). To recover deposition costs, Cooper must provide documentation sufficient to show that the amount claimed per transcript page does not exceed the regular copy rate as established by the Judicial Conference. LR 54.1(b); *see Vigortone*, 2004 WL 1899882 at *6. The rate in effect on the date the deposition was taken (June 9, 2006) was $3.30. (U.S. Dist. Ct. for the N. Dist. of Ill., *Maximum Transcript Rates - All Parties (Per Page)*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last updated Feb. 28, 2003)). Cooper attaches an invoice supporting his claim for the transcript of Samuel White's deposition, which, according to the invoice, was 99 pages. (Bill of Costs at 4.) The total cost of the transcript ($326.70) divided by the number of pages (99) equals $3.30, which is equivalent to the established rate, and the $326.70 sought for Mr. White's deposition transcript is therefore recoverable.

Cooper also requests $89.20 for the deposition transcript of Andrew Joshua. Cooper does not, however, attach any invoice that would allow the court to determine whether the amount claimed per transcript page exceeds the Judicial Conference's regular copy rate of $3.30. Cooper is therefore not entitled to that amount. *See Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362 at *1 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.).

For the reasons stated above, Cooper is entitled to a total award of $616.70 in costs. The clerk of the Court is directed to tax costs in that amount against the defendants.

**SO ORDERED.**

_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**February 28, 2007**